**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED
OCT 0 5 2007
10-5-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Noelle Zarowny
2940 N. Allen
Chicago, IL 60618

    Plaintiff,

v.

Redline Recovery Services, LLC
c/o LexisNexis Document Solutions,
Registered Agent
801 Adlai Stevenson Dr.
Springfield, IL 62703

    Defendant.

07CV 5659
JUDGE CASTILLO
MAGISTRATE JUDGE DENLOW

**COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT
AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. Sometime between August 1, 2007, and August 4, 2007, Defendant contacted Plaintiff's sister, Nicole Zarowny, and disclosed Plaintiff's debt.

10. At the time of the above communication, Defendant already had Plaintiff's contact information.

11. During a communication regarding Plaintiff's debt, Plaintiff asked Defendant why Defendant had contacted Plaintiff's sister and Defendant acknowledged the call, but said that since Plaintiff had already provided Plaintiff's social security number, Defendant could call anyone Defendant wished to call regarding the debt.

12. On or around August 6, 2007, during a communication with Plaintiff regarding Plaintiff's debt, Defendant threatened to garnish Plaintiff's wages.

13. During the communication referenced immediately above, Defendant threateningly told Plaintiff that Plaintiff should treat Defendant with respect.

14. On or around August 7, 2007 or August 8, 2007, Plaintiff informed Defendant that Plaintiff had retained an attorney for bankruptcy and provided her attorney's contact information.

15. Despite this notice, Defendant contacted Plaintiff by telephone on or around August 14, 2007.

16. Despite this notice, Defendant contacted Plaintiff by telephone on or around August 17, 2007 or August 18, 2007.

17. On or around September 3, 2007, Defendant contacted Plaintiff's mother by telephone and told Plaintiff's mother that Defendant was a collection agency.

18. On or around September 4, 2007, Defendant contacted Plaintiff by telephone again.

19. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

20. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

### Violation of the Fair Debt Collections Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collections Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

39. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____
Jeffrey S. Hyslip
Attorney for Plaintiff
20 W. Kinzie Street, Suite 1300
Chicago, IL 60610
Telephone: 866-339-1156
Email: jsh@legalhelpers.com